Ewing WILDER et al., Appellants,

v.

Clarence BOATRIGHT et al., Appellees.

Court of Appeals of Kentucky.

Nov. 1, 1963.

E. B. Wilson, Pineville, for appellants.

Helton & Dillman, Farmer Helton, Pineville, for appellees.

MACAULEY L. SMITH, Special Commissioner.

This was an action by First Federal Savings and Loan Association foreclosing a $20,000 first mortgage on Bell County residence property. The parties agreed to a judicial sale, postponing the determination of the relative priority of liens until after the result of the sale should be known. The original mortgagor-defendant-appellant Wilder bought the property in at the sale for some $22,000, and paid the full purchase price and interest into Court, leaving a surplus proceeds of sale of some $2,000 over the amount necessary to satisfy the first mortgage and costs.

As the result of a trial, the Court below awarded this surplus to defendants Boatright, et al., creditors of Carl Leonard, and dismissed Wilder's claim thereto based on a $2,800 second mortgage hereinafter mentioned. It is this action of the Court from which Ewing Wilder and Myrtle, his wife, as sole appellants, appeal. See Notice of Appeal filed August 16, 1962, R. 37.

In order to properly dispose of this appeal it is necessary to list chronologically the significant transactions with respect to the property involved, and other litigation, as follows:

*First Step:* April 20, 1959, Wilder and Wife mortgaged the property to First Federal Savings & Loan Assn. for $20,000; mortgage recorded April 21, 1959.

*Second Step:* April 22, 1959, Wilder and wife conveyed to Marjorie Leonard, wife of Carl Leonard. Marjorie assumed the $20,000 mortgage.

*Third Step:* April 22, 1959, Marjorie and Carl Leonard gave second mortgage back to Myrtle Wilder to secure $2,800 note.

*Fourth Step:* December 6, 1960, complaint in separate action filed by Andrew Lee and other alleged creditors of Carl Leonard, later amended to claim the transfer to Marjorie was fraudulent as to Carl's creditors.

*Fifth Step:* January 13, 1961, Lis Pendens filed against this property.

*Sixth Step:* January 25, 1961, Myrtle Wilder's second mortgage on this property filed for record in County Clerk's office.

*Seventh Step:* June 15, 1961, Marjorie and Carl Leonard reconveyed to Ewing and Myrtle Wilder.

*Eighth Step:* October 31, 1961, Wilder et ux. conveyed to Charles and Irene Farmer, who assumed plaintiff's first mortgage.

*Ninth Step:* November 2, 1961, Myrtle Wilder released on the margin, attested by Deputy County Clerk, the aforesaid 2nd mortgage. (Exhibit filed in separate volume, "Depositions on Behalf of Plff.," filed as part of record.)

It seems clear beyond doubt that appellants Wilder have no standing to complain of or appeal from the trial Court's decision awarding the surplus proceeds of sale to others, because:

(a) Myrtle Wilder's $2,800 second mortgage lien was merged in appellants' title by Seventh Step when Carl and Marjorie Leonard reconveyed to appellants Wilder.

One cannot have a lien on property one owns.

(b) Myrtle Wilder released of record said (nonexistent) lien by Ninth Step on November 2, 1961.

(c) By Eighth Step, conveyance on October 31, 1961, from appellants Wilder to Charles and Irene Farmer, the Farmers became the owners of the "equity" in said property subject to first mortgage of plaintiff Savings & Loan Assn., and only the Farmers could complain of or appeal from an adverse ruling with respect to the surplus proceeds of sale, over the balance due on first mortgage, and costs.

It is our opinion that the judgment below should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.